IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael T. Lockhart,                    :

        Plaintiff               :        Civil Action 2:06-cv-1049

v.                                      :        Judge Marbley

Lisa Motor Lines Inc., *et al.*,        :        Magistrate Judge Abel

        Defendants              :

# ORDER

This matter is before the Court on plaintiff Michael T. Lockhart's January 30, 2009 motion for summary judgment on the issues of liability and proximate cause (doc. 31).

**I.    Background**

The amended complaint makes the following allegations. On December 22, 2004, plaintiff Michael Lockhart, who was employed by J.B. Hunt Transportation as a driver, was in his parked vehicle at a Pilot Truck Stop, near exit 79 off Interstate 70 in London, Ohio. Defendant William Griffin, acting in the course and scope of his employment with defendant Lisa Motor Lines, Inc., negligently, carelessly, recklessly, and in violation of both State and federal Department of Transportation regulations and directives, operated his vehicle into Lockhart's vehicle.

As a direct and proximate result of the defendants' negligent, careless and reckless conduct, Lockhart was caused to sustain personal injuries including, but not limited to, injuries to his knee, back, neck and mouth. Lockhart has suffered severe

physical, mental and psychological pain and anguish and has incurred hospital and medical expenses. He has sustained a loss of earnings and a permanent diminution of his earning capacity.

## II.     Arguments of the Parties

### A.     Plaintiff Michael T. Lockhart

Plaintiff argues that based on the deposition testimony of Lockhart and Griffin, reasonable minds can reach no conclusion except that a collusion occurred in the Pilot truck stop as a result of Griffin's negligent operation of a vehicle into Lockhart's tractor trailer. Plaintiff maintains that there is no genuine issue of material fact as to whether Lockhart sustained some physical injury as a result of the collision. Plaintiff contends that while the extent of his physical injury is vigorously contested, the existence of some injury cannot be denied.

Plaintiff argues that defendants owed a duty to him, and when defendant Griffin hit Lockhart's parked truck, he breached that duty. Lisa Motor Lines, Inc., Lockhart's employer, is liable under the theory of respondeat superior because Griffin caused the accidence while in the course and scope of his employment with Lisa Motor Lines, Inc. Plaintiff contends that they physical evidence described by Griffin in his deposition confirms Lockhart's story.  Lockhart argues that his testimony that he was thrown to the floor of his cab and sustained injuries to his knee and face as a result of Griffin's truck striking his cab is not in dispute. Although defendants have attempted to argue that

Lockhart's injuries cannot be as serious as he claims, reasonable minds can only reach one conclusion that is that Lockhart sustained some injury in the accident.

Plaintiff argues that the Court should reject the expert opinion offered by defendants because a biomechanical expert is not qualified to make a medical assessment.

### B. Defendants Lisa Motor Lines, Inc. & William Griffin

Defendants argue that a genuine issue of fact remains as to whether Griffin's vehicle collided with Lockhart's truck. In his deposition, Griffin never testified that the vehicle collided with plaintiff's truck. Although Griffin reported the accident to his dispatcher, defendants argue that there is no evidence that his report was based upon anything other than plaintiff's allegation. Griffin never admitted that a collision occurred. Following the alleged accident, Griffin was not required to make an entry in his log stating that he was in an accident, and he was not required to fill out an accident report when he completed his trip and returned to the terminal or anytime thereafter.

Defendants further argue that the deposition testimony of Lockhart and Griffin conflict with respect to the alleged damage to plaintiff's vehicle. Although Griffin testified to damage he observed on Lockhart's truck, it was not the same damage identified by plaintiff. Griffin stated that there was a black scuff mark on the front of the passenger side fender of plaintiff's vehicle, near the headlight. Plaintiff testified, however, that the middle of the front bumper was pushed in. It is uncontroverted that there was no damage to the vehicle operated by Griffin. Defendants further argue that

because vicarious liability depends on the negligence of Griffin, plaintiff's motion for summary judgment also fails as to the Lisa Motor Lines, Inc.

Defendants further argue that even if a collision occurred, the impact was not hard enough to cause the injuries alleged by Lockhart. Defendants do not concede that plaintiff sustained some injury as a result of the alleged collision. Instead, defendants argue that plaintiff did not appear to be injured in any way. A biomedical expert, C. Brian Tanner, has opined that the alleged impact would have resulted in a maximum possible lateral acceleration of the truck in the areas where Lockhart was allegedly standing of less than one g. During this acceleration, the tractor would have been pushed to the right approximately 0.9 inches and accelerated to a maximum speed of about one mile per hour in the area where he was standing.

### III. Summary Judgment

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

**IV.    Discussion**

"[I]n order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77 (1984). Plaintiff argues that there are no genuine issues of material fact as to the elements of duty, breach of that duty, and

6

proximate causation. While it is clear that defendants owed plaintiff a duty, defendants argue that there is an issue of material fact as to whether Griffin breached that duty based on his deposition testimony:

> Q       Did the collision with Mr. Lockhart's vehicle occur on the traveled roadway or on a rest stop area?
> A.      To be honest with you, I can't really say that there was a collision. I – I can't say that there was a collision, to be honest with you.
> Q       When you say you can't there was a collision, can you tell me whether you ever came in contact personally – I mean with Mr. Lockhart – on the dat or the evening of the 22nd of December, 2004? Did you ever speak with him?
> A.      Yes, I did speak with him.
> Q       Can you describe for me, then, the circumstances under which you and Mr. Lockhart would have spoken that day?
> A.      He alleged that I hit his truck.
> . . .
> Q       And if I understand you correctly, you're not certain one way or another whether you did hit Mr. Lockhart?
> A       Correct.

Griffin dep. at 30:16-31:19. But Griffin further testified that there was no evident damage to either the Freightliner he was driving or the trailer. Griffin Dep. 24:9-13 and 44:9-12. Although he did see a black tire rub on the front of the passenger side fender of Lockhart's cab near the headlight, Griffin Dep. 30:17-31:8, that testimony conflicts with Lockhart's testimony that the middle of his front bumper was pushed in. Lockhart Dep. 40:20-41:2.[1] Griffin denied Lockhart's assertion that Griffin asked him not to report the accident because this was a relatively new job for him. *Id*. at 36:22-37:7. Griffin

---

[1] Lockhart testified there might have been other damage but "ice was all over the front end of the truck, so I don't really know what else was wrong with it. . . ." Lockhart Dep 41:2-7.

acknowledged that he telephoned his dispatcher to report that he had been in an accident, but he also stated that he was never required to complete any paperwork or an accident report. *Id.* at 37:11-14; 37:17-38:4; 38:17-23. Griffin conceded that he had no way of knowing whether Lockhart's allegation that Griffin's truck hit his was true. He was aware of no facts to dispute Lockhart's claim. Griffin Dep. 44:13-20. Here, it is up to the jury to decide whether the tractor trailer operated by Griffin struck some area of Lockhart's tractor. Lockhart says it did, but Griffin has no knowledge that his tractor-trailer struck Lockhart's cab. There is no physical evidence that it did. Lockhart testified to damage to the middle of his bumper, but Griffin saw only a black tire mark near the passenger side headlight.

Defendants also submitted the affidavit and report of C. Brian Tanner, P.E. MR. Tanner made the following conclusions:

> [T]he alleged impact resulted in a maximum possible lateral acceleration of the truck in the area where Mr. Lockhart was allegedly standing of less than one g. During the acceleration, the tractor was pushed to the right approximately 0.9 inches and accelerated to a maximum speed of about one mile per hour in the area where Mr. Lockhart was standing. The maximum lateral distance moved by the truck in the area that Mr. Lockhart was standing was about 2,7 inches. This motion should not have been sufficient to cause to lose his balance and fall. Further, the subject accident is not consistent with causing his knee injury and subsequent lower back complaints.

Doc. 32-2 at p. 2. The affidavit of Mr. Tanner demonstrates that there are material facts in dispute with respect to proximate causation. Plaintiff's argument that the Mr. Tanner is not qualified to give an expert opinion on the issue of his injuries is premature.

8

Because there are issues of material fact with respect to whether the collusion occurred and whether plaintiff suffered any injury as a result of the alleged collision, Michael T. Lockhart's January 30, 2009 motion for summary judgment (doc. 31) is DENIED.

s/ Mark R. Abel<br>
United States Magistrate Judge